[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pro se plaintiff.
Richard Sponzo for defendant. CT Page 8015
The plaintiff, Luis Ramos, appeals pursuant to General Statutes § 31-249b a decision of the Employment Security Board of Review (board) upholding the denial by the defendant, Administrator, Unemployment Compensation Act (defendant) of the plaintiff's claim for unemployment compensation. The defendant filed a motion for judgment, accompanied by a memorandum of law in support thereof, which appeared on the non-arguable short calendar list on July 11, 1994. The plaintiff has not filed any response to this motion.
The board certified the record of this appeal to the court pursuant to General Statutes § 31-249b. The following facts are set forth in the board's decision dated October 8, 1993. (Return of Record [ROR], Item 15).
The plaintiff was employed by defendant Arbor Acres Farms, Inc. (employer) from March 12, 1988 through April 5, 1993. On March 29, 1993, the employer issued a written warning to the plaintiff for absenteeism. On March 30, 1993, the plaintiff notified the employer that his car would not start, and the employer told the plaintiff that an employee would be sent to the plaintiff's house to pick him up. The employee returned without the plaintiff and reported that the plaintiff was not at home.
On March 31 and April 1, 1993, the plaintiff did not report to work and did not notify the employer regarding his absence. On April 2, 1993, the plaintiff notified the employer that he was unable to return to work until April 5, 1993 because of car problems. The plaintiff worked on April 5, 1993. On April 6 through April 22, 1993, the plaintiff did not report to work and did not notify the employer regarding his absence. During the week ending April 22, 1993, the employer discharged the plaintiff for his unreported absences from April 6 through April 22, 1993.
On May 13, 1993, the defendant ruled the plaintiff ineligible for unemployment compensation benefits, effective April 25, 1993, on the ground that the plaintiff was discharged for repeated wilful misconduct. On May 18, 1993, the plaintiff filed a timely appeal from that decision to the board for a hearing before an appeals referee. CT Page 8016
After a hearing, in a decision dated August 9, 1993, the referee affirmed the decision of the defendant and dismissed the appeal. The referee found that the employer had proven that the plaintiff was discharged for a final incident of wilful misconduct and a prior incident of wilful misconduct. Therefore, the referee found that the plaintiff was ineligible for unemployment compensation pursuant to General Statutes § 31-236(a)(2)(B) in that he was discharged for repeated wilful misconduct in the course of his employment.
The plaintiff appealed the referee's decision to the board on August 27, 1993. On October 8, 1993, the board affirmed the decision of the referee and dismissed the plaintiff's appeal. Based upon its independent review of the record the board agreed with the referee's characterization of the plaintiff's separation from his employment as a discharge and the determination that the plaintiff was discharged due to repeated wilful misconduct.
The plaintiff filed a late appeal to the superior court, which was received by the board on November 9, 1993, one day after the expiration of the appeal period. (ROR, Item 16). On November 19, 1993, the board issued a proposed decision on the timeliness of the plaintiff's appeal to the superior court pursuant to General Statutes § 31-249a, and § 31-237g-49(d) of the Regulations of Connecticut State Agencies. (ROR, Item 17). In its proposed decision, the board recommends that the court find the plaintiff's appeal to be timely in that, contrary to the agency's policy, the envelope containing the appeal was destroyed, preventing the plaintiff from offering evidence to show that he mailed his appeal in a timely manner. Based on these facts, the court does find the plaintiff's appeal timely. To the extent that an appeal pursuant to General Statutes § 31-249b concerns findings of fact, the court is limited to a review of the record. United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988). "The court must not retry the facts nor hear evidence." Id. If the issue is one of law, the court must determine whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Id. While the court may not substitute its own conclusions for those of the agency, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, CT Page 8017 illegal or an abuse of discretion. Id., 385-86.
"Whether the circumstances of an employee's termination constitute wilful misconduct on the employee's part is a mixed question of law and fact." Id., 386. "The application of statutory criteria to determine a claimant's eligibility for unemployment compensation under §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." Burnham v.Administrator, 184 Conn. 317, 323, 439 A.2d 1008 (1981).
General Statutes § 31-236(a)(2)(B) provides that a person shall be ineligible for benefits "if, in the opinion of the administrator, he has been discharged or suspended for . . . repeated wilful misconduct in the course of his employment. . . ." Section 31-236-26(a) of the Regulations of Connecticut State Agencies provides that to find that any act constitutes wilful misconduct, the administrator must find:
 (1) the individual committed the act intentionally or deliberately or with reckless indifference for the probable consequences of such act; and (2) the individual intended the act to have a detrimental effect on his employer or evinced a reckless disregard of a substantial employer interest.
Section 31-236-26(b) of the Regulations of Connecticut State Agencies provides, in relevant part:
 To find that an individual was discharged or suspended for repeated wilful misconduct, the Administrator must find that: (1) the individual committed two or more acts of wilful misconduct, as determined under subsection (a), either the same or different in nature, during the course of his employment; (2) the final act of the individual which actually precipitated the discharge or suspension constituted wilful misconduct, under subsection (a); and (3) the individual committed at least one prior act of wilful misconduct within the year CT Page 8018 immediately preceding the act which precipitated the discharge or suspension.
Section 31-236-27(a) of the Regulations of Connecticut State Agencies provides:
 Absence from work, in and of itself, is not wilful misconduct. Absence from work is wilful misconduct, under section 31-236-26 only if the individual did not have good cause for being absent from work, or the individual failed without justification to take those steps reasonably necessary to notify his employer of his absence and the reason therefor.
At the hearing before the referee, the employer presented copies of three warnings dated March 29, March 30 and April 3, 1993, in which the employer warned the plaintiff that if he continued his absences, he would be suspended or terminated. (ROR, Items 5, 6, 7).
In this case, the referee and the board made factual determinations, based upon all of the evidence presented, that the plaintiff had received a warning on March 29, 1993 regarding absenteeism, and the plaintiff was absent from work on March 31 and April 1, 1993, without notifying his employer. The referee and board further found that the plaintiff was discharged on April 22, 1993, because of his failure to report for work between April 6 and April 22, 1993 without notifying the employer. The board found that pursuant to § 31-236-27(a), absenteeism without good cause or notice to the employer constitutes wilful misconduct. The board agreed with the referee that the plaintiff committed two or more acts of wilful misconduct when he failed to report to work without notice to the employer on March 31 and April 1, 1993, and again from April 6 through April 22, 1993, even though he had received written warnings regarding this conduct for the earlier incidents.
It is clear that the evidence in the record supports the findings of fact of the referee and of the board. The court finds that the board's decision that the plaintiff's conduct constituted "repeated wilful misconduct" pursuant to General CT Page 8019 Statutes § 31-236(a)(2)(B) and §§ 31-236-26 and 31-236-27 of the Regulations of Connecticut State Agencies was not arbitrary or unreasonable.
For the foregoing reasons, the plaintiff's appeal is dismissed.
Koletsky, J.