[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Patricia Hargrove, appeals pursuant to General Statutes § 31-249b a decision of the Employment Security Board of Review (board) upholding the denial by the defendant, Administrator, Unemployment Compensation Act (defendant), of the plaintiff's claim for unemployment compensation. The defendant filed a motion for judgment, accompanied by a memorandum of law in support thereof, which appeared on the non-arguable short calendar list on July 11, 1994. The plaintiff has not filed any response to this motion.
The board certified the record of this appeal to the court CT Page 7945 pursuant to General Statutes § 31-249b. The following facts are set forth in the referee's decision dated August 6, 1993. (Return of Record [ROR], Item 6).
The plaintiff was employed by defendant Riverside Health Care Center, Inc. (employer) from October 31, 1989 until May 20, 1993. On or about May 22, 1993, the plaintiff was a "no call no show." The plaintiff was at home caring for her father, who suffers from cancer. The care rendered by the plaintiff was not acute or emergent in nature, and the plaintiff could have found time to call her employer. The plaintiff was aware that her employment status was tenuous because of poor attendance.
The plaintiff was late to work on four occasions in January and February, 1993 due to personal problems that needed the plaintiff's attention. These "lates," together with absences for sick leave, were the subject of a counseling notice on April 5, 1993. The plaintiff received a prior notice on December 22, 1992 based upon twenty absences, which was considered excessive. The plaintiff received a warning on August 13, 1992 for being late nine times since June 10, 1992. The employer attempted to work with the plaintiff to improve her attendance on many occasions.
On June 22, 1993, the defendant ruled the plaintiff ineligible for unemployment compensation benefits. On July 8, 1993, the plaintiff filed a timely appeal from that decision to the board for a hearing before an appeals referee.
After a hearing, in a decision dated August 6, 1993, the referee affirmed the decision of the defendant and dismissed the appeal. The referee found that the employer had proven that the plaintiff was discharged for repeated wilful misconduct, because of the plaintiff's absenteeism and tardiness. Therefore, the referee found that the plaintiff was ineligible for unemployment compensation pursuant to General Statutes § 31-236(a)(2)(B).
The plaintiff appealed the referee's decision to the board on August 12, 1993. On September 24, 1993, the board affirmed the decision of the referee and dismissed the plaintiff's appeal. After reviewing the record, the board adopted the referee's findings of fact and decision as its own. (ROR, Item 9).
On October 4, 1993, the plaintiff filed a motion to reopen the board's decision of September 24, 1993. (ROR, Item 10). On November 3, 1993, the board issued a decision denying the CT Page 7946 plaintiff's motion to reopen. (ROR, Item 12). In its decision, the board stated that while it recognized and sympathized with the plaintiff's personal situation, the record amply supported its previous decision finding the plaintiff ineligible for benefits because of wilful misconduct due to excessive absenteeism and tardiness.
The plaintiff filed a timely appeal of the board's decision to the superior court, which was received by the board on November 9, 1993. (ROR, Item 13).
To the extent that an appeal pursuant to General Statutes § 31-249b concerns findings of fact, the court is limited to a review of the record. United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988). "The court must not retry the facts nor hear evidence." Id. If the issue is one of law, the court must determine whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Id. While the court may not substitute its own conclusions for those of the agency, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. Id., 385-86.
"Whether the circumstances of an employee's termination constitute wilful misconduct on the employee's part is a mixed question of law and fact." Id., 386. "The application of statutory criteria to determine a claimant's eligibility for unemployment compensation under §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." Burnham v.Administrator, 184 Conn. 317, 323, 439 A.2d 1008 (1981).
General Statutes § 31-236(a)(2)(B) provides that a person shall be ineligible for benefits "if, in the opinion of the administrator, he has been discharged or suspended for . . . repeated wilful misconduct in the course of his employment. . . ." Section 31-236-26(a) of the Regulations of Connecticut State Agencies provides that to find that any act constitutes wilful misconduct, the administrator must find:
 (1) the individual committed the act intentionally or deliberately or with reckless indifference for the probable CT Page 7947 consequences of such act; and (2) the individual intended the act to have a detrimental effect on his employer or evinced a reckless disregard of a substantial employer interest.
Section 31-236-26 (b) of the Regulations of Connecticut State Agencies provides, in relevant part:
 To find that an individual was discharged or suspended for repeated wilful misconduct, the Administrator must find that: (1) the individual committed two or more acts of wilful misconduct, as determined under subsection (a), either the same or different in nature, during the course of his employment; (2) the final act of the individual which actually precipitated the discharge or suspension constituted wilful misconduct, under subsection (a); and (3) the individual committed at least one prior act of wilful misconduct within the year immediately preceding the act which precipitated the discharge or suspension.
Section 31-236-27(a) of the Regulations of Connecticut State Agencies provides:
 Absence from work, in and of itself, is not wilful misconduct. Absence from work is wilful misconduct, under section 31-236-26 only if the individual did not have good cause for being absent from work, or the individual failed without justification to take those steps reasonably necessary to notify his employer of his absence and the reason therefor.
Section 31-236-28 provides:
 The Administrator shall find that tardiness constitutes repeated wilful misconduct, under section 31-236-26, only CT Page 7948 if: (1) such tardiness is excessive; and (2) the individual's employer did not condone the individual's tardiness explicitly or by acquiescence, or by condonation of repeated tardiness of other employees; and (3) such tardiness was without reasonable excuse, or where the tardiness could have been anticipated by the individual, the individual failed without justification to take those steps reasonably necessary to notify the employer of his expected tardiness.
The record contains copies of warnings dated April 5, 1993, December 22, 1992, June 10, 1992, March 7, 1992, and August 3, 1992 received by the plaintiff from her employer for tardiness and absenteeism. (ROR, Items 1, 5). The April 5, 1993 warning reflects five absences and four late arrivals by the plaintiff in 1993. The December 22, 1992 warning reflects twenty absences in 1992, which "is considered excessive." In the notice dated June 10, 1992, reflecting five late arrivals and four absences, it is noted that over the next two months, "progressive discipline will continue could include probation or termination." The warning dated March 7, 1992 is labelled a "final warning," and was for a "no call, no show." This warning states: "The next [no call, no show], regardless of cause will result in loss of employment. The importance of reporting absence, even if its (sic) late is critical for providing continuity of patient care." The August 3, 1992 warning reports nine occasions of tardiness since the June 10, 1992 warning.
It is clear that the warnings described above support the finding by the board and referee that the plaintiff's tardiness constituted wilful misconduct under General Statutes § 31-236
(a)(2)(B) and § 31-236-28 of the Regulations of Connecticut State Agencies. It is also clear that the warnings support a finding that the plaintiff's tardiness was excessive, and that the employer did not condone the plaintiff's tardiness. There is no indication in the record that the plaintiff's tardiness was with reasonable excuse, or, if she anticipated the tardiness, that she either gave the employer notice, or was justified in failing to give notice of her tardiness. The referee and board further found that, with respect to the final incident resulting in her discharge, there was no indication that her father's condition was so urgent that the plaintiff could not CT Page 7949 have called her employer at some point during the day to indicate that she would not be at work because she had to care for her father. The board noted in its decision denying the motion to reopen that the final incident of wilful misconduct occurred on May 22, 1993, when the plaintiff failed to report to work without notice to the employer. The board noted that this final incident was preceded by a history of excessive absenteeism and tardiness on the part of the plaintiff, particularly in the year immediately prior to the final incident.
It is found that the evidence in the record supports the findings of fact of the referee and board. The court finds that the decision by the referee and board that the plaintiff's conduct constituted "repeated wilful misconduct" pursuant to General Statutes § 31-236(a)(2)(B) was not arbitrary or unreasonable.
For the foregoing reasons, the plaintiff's appeal is dismissed.
Koletsky, J.