[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION FOR JUDGMENT) (FILE #101)
Pro se plaintiff.
Assistant Attorney General Thadd Gnocchi for defendant.
Plaintiff, Deborah Ruffin, has appealed pursuant to General Statutes § 31-249b a decision of the employment Security Board of Review (Board) upholding the denial by defendant, Administrator, Unemployment Compensation Act, of her claim for unemployment compensation. Defendant filed this motion for judgment, accompanied by a memorandum of law in support thereof; plaintiff has not filed a response to the motion.
The Board has certified the record of appeal to this court pursuant to General Statutes § 31-249b. The following facts are set forth in the referee's decision dated December 14, 1993. (Return of Record [ROR], Item 8).
Plaintiff was employed as an office manager by defendant Hill Health Center (Employer) from January, 1992 until September 21, 1993 when she left the job to relocate, on October 2, 1993, in Virginia, where her husband had been transferred by his employer. Plaintiff had had no problem or complaint with the job and left solely because of the relocation out of state.
On October 29, 1993, defendant ruled plaintiff ineligible for unemployment compensation benefits. On November 2, 1993, plaintiff filed a timely appeal from that decision to the Board, requesting a hearing before an appeals referee.
After a hearing, in a decision dated December 14, 1993, the referee affirmed the decision of defendant and dismissed the appeal. The referee found that plaintiff terminated her employment because of the need to relocate to Virginia where her husband was transferred by his employer. The referee found that plaintiff's reason for leaving was not a sufficient "job-connected" cause for leaving her employment so as to render her eligible for unemployment compensation benefits pursuant to General Statutes § 31-236 (a)(2)(A).
Plaintiff appealed the referee's decision to the Board on January 4, 1994. On February 16, 1994, the Board affirmed the decision of the referee and dismissed plaintiff's appeal. After CT Page 8202 reviewing the record, the Board adopted as its own the referee's findings of fact and decision. (ROR, Item 11).
Plaintiff filed a timely appeal of the Board's decision to the Superior Court, which appeal was filed with the Interstate Local Office on February 22, 1994, and received by the Interstate Unit on February 28, 1994. (ROR, Item 12).
Regarding appeals brought pursuant to Section 31-249b, the court, as to findings of fact, is limited to a review of the record; United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385, 551 A.2d 724 (1988); the court does not hear the case de novo, and is bound by the Board's findings of fact adopted from the referee. See: Finklesteinv. Administrator, 192 Conn. 104, 112-113 (1984). "The court must not retry the facts nor hear evidence." United ParcelService, Inc. v. Administrator, supra. If the issue is one of law, the court must determine whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Id. While the court may not substitute its own conclusions for those of the agency, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. Id. at p. 385-86. The application of statutory criteria to determine a claimant's eligibility for unemployment compensation under §§31-124 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.Burnham v. Administrator, 184 Conn. 317, 323, 439 A.2d 1008
(1981).
General Statutes § 31-236 (a)(2)(A) provides that an individual shall be ineligible for benefits, as follows:
 . . . if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work, until such individual has earned at least ten times his benefit rate . . . provided, . . . no such individual shall be ineligible for benefits if he leaves suitable work (i) for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer, or (ii) to care for a seriously ill spouse or child, or parent domiciled with the individual, provided CT Page 8203 such illness is documented by a licensed physician, or (iii) due to the discontinuance of transportation, other than his personally owned vehicle, used to get to and from work, provided no reasonable alternative transportation is available. (Emphasis added.)
The 1985 legislature amended General Statutes § 31-236
eliminating the right of employees to recover benefits where they have voluntarily left their employment due to a decision to relocate. Clayette v. Administrator, UnemploymentCompensation Act, Judicial District of Hartford, Docket No. 507881 (September 21, 1992); see also: Young v. Administrator,Unemployment Compensation Act, Judicial District of Hartford, Docket No. 509465 (August 19, 1992); Valentino v. Administrator, UnemploymentCompensation Act, 2 Conn. L. Rptr. 712 (November 7, 1990). General Statutes § 31-236 (a)(2)(A), as it now reads, requiresjob-related cause for leaving employment before a person is entitled to benefits. See: Swain v. Administrator, UnemploymentCompensation Act, Judicial District of Hartford, Docket No. 526883 (October 14, 1993).
In the present case, the record reflects that plaintiff left her employment to relocate to Virginia with her husband, who was transferred there by his employer. The referee and Board correctly interpreted and applied General Statutes § 31-236
(a)(2)(A), as amended, to the facts found to exist in this case. While the court certainly sympathizes with plaintiff's situation, and although plaintiff may understandably question the wisdom of the amendment in view of the harsh economic conditions which have ensued, the decision reached by the Referee and the board is entirely consistent with existing law and cannot be found to be unreasonable, arbitrary, or legally incorrect. The court cannot rewrite the statute; Swain v. Administrator, UnemploymentCompensation Act, supra; and, as one Court, in a similar case, has stated: ". . . . the courts are bound to enforce the laws as written . . . . Changes in those laws must be effected only by action of the legislature." Valentino v. Administrator,Unemployment Compensation Act, supra.
For the reasons stated, defendant's (Administrator, s) motion for judgment is Granted, and judgment is hereby entered dismissing this appeal.
Mulcahy, J. CT Page 8204