[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S (ADMINISTRATOR) MOTION FOR JUDGMENT (FILE #101)
Plaintiff has appealed, pursuant to General Statutes §31-249b, a decision of the Employment Security Board of Review ("Board") upholding the denial by the defendant, Administrator, Unemployment Compensation Act, of her claim for unemployment compensation. Defendant has filed this motion for judgment, accompanied by a memorandum of law in support thereof; plaintiff has not filed any response to the motion.
The Board has certified the record of this appeal to the court pursuant to General Statutes § 31-249b. The following facts are set forth in the referee's decision dated January 3, 1994. Plaintiff was placed by Family Extensions, Inc., as a children's caretaker ("Nanny"), with the Canil family where she worked from November, 1992 until July, 1993. The Canil family was pleased with plaintiff's job performance and had continuing work available for the plaintiff. In a letter to her employer dated July 10, 1993, plaintiff expressed certain dissatisfaction with her employment; plaintiff and the employer later discussed this dissatisfaction. Plaintiff believed it was best that she leave her position and provided the employer with four weeks notice. On or about July 19, 1993, plaintiff advised the employer that she was unable to fulfill her four week obligation. The employer paid plaintiff through her last day of work and plaintiff voluntarily left her employment. On or about August 3, 1993, plaintiff filed the initial interstate unemployment compensation claim in Augusta, Maine.
On November 12, 1993, defendant mailed plaintiff a "Notice of Decision" stating that plaintiff was ineligible for unemployment compensation benefits, effective July 26, 1993, on the basis that plaintiff had left her job to relocate out of the area (in Maine), which did not constitute sufficient cause related to her CT Page 9536 work. On November 15, 1993, plaintiff filed a timely interstate appeal from that decision, requesting a hearing before an appeals referee. On her appeal form, plaintiff stated, as her reason for appealing, that she had had a mutual agreement with her employer that she would be laid off since there was very little work.
After a hearing, the referee, in a decision dated January 3, 1994, affirmed the prior determination and dismissed the appeal. The referee found that plaintiff's assertion that she had entered into an agreement with the Canil's concerning the circumstances of her leaving their employ was not supported by the record. The referee noted that simply because there was testimony supporting a fact, that did not, by itself, establish the fact as proven. The referee found plaintiff ineligible for unemployment compensation pursuant to General Statutes § 31-236(a)(2)(A) in that she voluntarily left her employment for reasons other than sufficient job-connected cause.
Plaintiff appealed the referee's decision to the Board on January 19, 1994; plaintiff also filed a request for a further evidentiary hearing, dated March 5, 1994, stating that at the hearing before the referee, she did not know what was expected of her. Plaintiff attached several documents to her request.
By decision mailed March 31, 1994, the Board denied plaintiff's request for a further evidentiary hearing, affirmed the decision of the referee, and dismissed plaintiff's appeal. In denying plaintiff's request for a further evidentiary hearing, the Board stated plaintiff was advised that the hearing before the referee would be her only opportunity to present evidence, she was afforded a full and fair opportunity to present her case, she had not requested a continuance to provide further documentation, and she had not informed the referee that she had any further evidence that she wished to submit. The Board further found that the documentary evidence submitted by the plaintiff with regard to her appeal did not materially controvert
the referee's finding of fact, or the parties' testimony at the referee's hearing, and therefore, was not necessary to the Board's determination.
In its decision, the Board found that the documentation submitted by plaintiff regarding the employer's newspaper advertisements for a replacement child caretaker showed that an advertisement had been placed in the newspaper by the Canil's on July 15, 1993, which would have been after the plaintiff provided CT Page 9537 her notice of resignation. The Board also found that while the plaintiff claimed that the advertisements, which stated part-time hours, indicated she was no longer needed on a full-time basis, plaintiff, at the referee's hearing, admitted that full-time employment would have been available at least until the employer's children attended nursery school in September, 1993.
The Board observed that at the referee's hearing, plaintiff had repeatedly contended that her employer agreed she could claim unemployment compensation benefits on the basis of lack of work. The Board found that plaintiff's contentions regarding such an agreement were not relevant to, or dispositive of, a determination as to the nature of plaintiff's separation; that such a determination is within the exclusive authority of the adjudicator. The Board agreed with the referee's decision that plaintiff's separation constituted a voluntary leaving ratherthan a discharge, and that the record revealed the availability of continuing, full-time work at the time plaintiff resigned her position, even though there was a possibility that her position would be reduced to a part-time one in September, 1993. The Board further found that plaintiff failed to show the job was unsuitable, and, although she testified that caring for the employer's children was stressful, she presented no evidence of job-related health problems.
Plaintiff filed a timely appeal to the Superior Court, dated April 5, 1994, which was received by the Board on April 18, 1994. In her appeal, plaintiff asserts that the documents she presented were not properly reviewed and challenges a number of the factual
findings of the referee and the Board.
To the extent that an appeal pursuant to General Statutes § 31-249b concerns findings of fact, the court is limited to a review of the record. United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988). "The court must not retry the facts nor hear evidence." Id. If the issue is one of law, the court must determine whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Id. While the court may not substitute its own conclusions for those of the agency, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. Id. at p. 385-86. Our Supreme Court has stated: CT Page 9538
 "In appeals under General Statutes Section 31-249b, the Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed . . . The court `is bound by the finding of subordinate facts and reasonable factual conclusions made by the appeals referee' . . . Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in the light of all the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (citations omitted). Burnham v. Administrator, 184 Conn. 317, 321-22
(1981).
General Statutes § 31-236(a)(2)(A) provides that a person shall be ineligible for benefits "if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work . . . provided . . . no individual shall be ineligible for benefits if he leaves suitable work (i) for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer, or (ii) to care for a seriously ill spouse or child, or parent domiciled with the individual . . . or (iii) due to the discontinuance of transportation . . . ."
The record returned to this court reflects that plaintiff, in her initial interstate unemployment compensation claim, filed in Augusta, Maine, on August 3, 1993, checked the box labelled "Quit" in the form's "Reason for Separation" space.[1] And, in the "Claimant's Statement" portion of the "Claimant/Employer Separation Statement" form, dated August 3, 1993, plaintiff stated: "I quit because I moved back to Maine." In the employer's statement form (18-790), Ms. Canil disclosed that the reason plaintiff gave for leaving the child-care position was that she "planned to move from Connecticut." Additionally, an added factor which contributed to the employment separation, according to Ms. Canil, was plaintiff's statement that "she was no longer interested in performing her duties." In the "First Finding Analysis" dated November 10, 1994, the fact finding examiner denied plaintiff's claims stating:
 "Claimant gave conflicting statements (lack of credibility). Therefore it is concluded claimant CT Page 9539 quit for personal reasons not provided for by law."
A fair reading of this record reflects that the referee and the Board did consider plaintiff's claim that she had had an agreement with her employer that she would be laid off because of lack of work in order to be eligible for unemployment compensation benefits; however, the referee and the Board concluded that at the time the plaintiff left her employment, full-time work was, in fact, still available to her.
In this case, the referee and the Board made the factual determinations, based upon the totality of the evidence presented, that plaintiff had voluntarily left her employment, and had not been discharged or laid off because of lack of work. The evidence in this record, including the information reported in plaintiff's first interstate unemployment compensation claim form, and the employer's statements in the IS-790 form, supports the findings of fact by the referee, and by the Board, that plaintiff voluntarily left her employment without sufficient cause connected with her work.[2] Therefore, the Board's conclusion that plaintiff did not establish she had left her employment involuntarily, or for sufficient cause connected with her work, was not unreasonable, arbitrary, or illegal.
For the reasons stated, defendant's (Administrator's) motion for judgment is Granted, and judgment is here by entereddismissing this appeal.
Mulcahy, J.