[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Antoinette Bolling filed a claim for unemployment compensation benefits against her former employer, Gateway Bank (Gateway), of Norwalk. Bolling claimed that she left her employment as a teller with Gateway because of a hostile work environment. Gateway contends that Bolling voluntarily quit her job on July 25, 1994, after a disagreement about whether she could have a day off, and hence was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., denied the claimant's application for unemployment compensation benefits on the basis that she had voluntarily and without sufficient cause left her job with Gateway for personal reasons unconnected with her employment.
The claimant appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee found that on two occasions the claimant had applied to Gateway for a mortgage and had been turned down, after which she wrote a letter of complaint to the Connecticut Banking Department. The referee further determined that the claimant's contention that she had been harassed by her employer because of her letter to the Banking Department had not been adequately substantiated. The referee concluded that the claimant left work voluntarily because of unhappiness with Gateway due to its rejection of her applications for a mortgage and the denial of a requested day off. The referee further concluded that the claimant left her employment for personal reasons and not for a sufficient job-connected cause. Thus, the referee affirmed the administrator's decision denying compensation.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board). The claimant asserted that she had been harassed on the job because of her letter of complaint to the Banking Department, and that as a result her work environment had become "hostile." The claimant also contended that her applications for a mortgage had been rejected CT Page 1625 for discriminatory reasons. The board adopted the referee's findings of fact and conclusion of ineligibility, including that the claimant had not adequately demonstrated harassment or that her applications for a mortgage had been turned down for any reason other than sound banking practice. Thus, the board ruled that the claimant voluntarily quit her employment without sufficient job-related cause. The board also subsequently denied the claimant's motion to "reopen" the decision, which included an offer to introduce evidence of harassment and an hostile work environment. The board ruled that the claimant had been notified about her right to retain counsel and to present specific evidence to the referee and the board regarding these assertions, but had not done so.
The claimant appeals to this court pursuant to General Statutes § 31-249b, contending that she left Gateway because her employer harassed her for filing a complaint with the Banking Department regarding her inability to obtain a mortgage from Gateway. The board filed a return of record with the court, and a hearing was held before this court on November 19, 1996.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases. General Statutes § 31-274(c)." (Citations omitted; internal quotation marks omitted.).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear CT Page 1626 evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService. Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
In reviewing the decision of the board in this case, General Statutes § 31-249b should also be noted. It provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519 provides in pertinent part: "[T]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Practice Book § 519(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." As was said in Calnan v.Administrator, Unemployment Compensation Act, 43 Conn. App. 779,785, ___ A.2d ___ (1996), "[h]ere, the plaintiff failed to file a motion with the board for correction of the findings, a necessary CT Page 1627 prerequisite to a challenge to the board's decision." AccordChavez v. Administrator, Unemployment Compensation Act,44 Conn. App. 105, 106-07, ___ A.2d ___ (1997).[1]
Even if the court examines this appeal on the merits to determine whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion;"Calnan, supra, 43 Conn. App. 785; the appeal must still be dismissed. General Statutes § 31-236(a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer."[2] This statute also provides that an individual is eligible for benefits "if he leaves suitable work . . . for good cause attributable to the employer, including leaving as a result of changes in conditions created by his employer." To the same effect, see § 31-236-17(b) of the Regulations of Connecticut State Agencies.[3] Section 31-236-18
of the Regulations of Connecticut State Agencies defines "voluntary leaving" as committing "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or . . . working conditions . . ."[4] Section 31-236-22(a)(1)(A) of the proposed Regulations provides that a determination that an individual "voluntarily left suitable work for good cause attributable to the employer" must be based on a finding, among other things, that the employer "substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual."
In the present case, the board determined that the plaintiff quit her job without sufficient job-related reasons. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Internal citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v. Administrator,25 Conn. App. 130, 135, 593 A.2d 154 (1991). CT Page 1628
The board's conclusion of ineligibility for benefits is based on the referee's findings that the plaintiff left work for personal reasons, ie., being rejected by Gateway for a mortgage and being denied a day off to attend a mortgage closing. The board also concluded, in effect, that mere dissatisfaction with one's employment does not constitute, in terms of the Unemployment Compensation laws and regulations, sufficient job-related cause for leaving a job. Hence, the board found that the plaintiff voluntarily left her job. This conclusion is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator,Unemployment Compensation Act, 192 Conn. 104, 112, 470 A.2d 1196
(1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the circumstances under which the plaintiff left her employment. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of February, 1997.
William B. Lewis, Judge