[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Adrian Letchin, hereinafter referred to as the claimant, filed a claim for unemployment compensation benefits against his former employer, Leek Building Products, Inc. (Leek), of Stamford, which had employed the claimant for over four years as a sheet metal worker and spray painter. The claimant also stated that he left his employment because "I was underpaid. I asked for a raise and was not given one so I left." Leek contends that Letchin voluntarily quit his job on May 17, 1996, "to find work someplace else" and hence was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., denied the claimant's application for unemployment compensation benefits on the basis that he had voluntarily and CT Page 4485 without sufficient cause left "suitable work for personal reasons."
The claimant appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The claimant said he disagreed with the decision denying him benefits because "I was forced to leave by employer not giving a raise — employer gave me no choice." The claimant states that he also advised the referee that he was dissatisfied with his working conditions, including lack of protective equipment while he was spray painting, lack of ventilation while working with fiber glass which caused skin irritation and hampered breathing, and spinal pain caused by lifting heavy sheet metal. The referee found that: (1) the claimant left his job "primarily" due to his failure to obtain an increase in pay; (2) the employer never promised the claimant an increase in pay at any specific time; and (3) even though the claimant had complained about working conditions, "he testified that he would have remained if he had been granted a raise."
The referee concluded that the claimant left work voluntarily because of unhappiness with Leek due to its rejection of his request for a pay increase. The referee also found that the employer did not breach the employment agreement with the claimant and that the claimant left his employment for personal reasons and not for good cause attributable to the employer. Thus, the referee affirmed the administrator's decision denying compensation.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board). The claimant asserted that he had left his job because of "job-related illness" and repeated his complaint to the referee about hazardous working conditions and lack of protective equipment. The board noted that in his original application and hearing before the administrator, the claimant complained about not getting a raise and agreed that he would have stayed working at Leek had he received more money. As to hazardous working conditions, the board indicated that the record did not include any evidence that the claimant ever registered a complaint with his employer and sought a change of such conditions. The board adopted the referee's findings of fact and conclusion of ineligibility, ruling that the claimant voluntarily quit his employment without good cause attributable CT Page 4486 to the employer.
Letchin, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that he left Leek not only because of a disagreement concerning wages but also because there were "unsuitable working conditions" which were "a substantial factor in my leaving." The plaintiff further alleged that he had in fact complained to his employer about unsafe working conditions. The board filed a return of record, and a hearing was held before this court on February 27, 1997.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "the [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries . . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelCT Page 4487Service, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
In reviewing the decision of the board in this case, General Statutes § 31-249b should also be noted. It provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519 provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions or the board when these depend upon the weight of the evidence and the credibility of witnesses." Furthermore, Practice Book § 515A provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript.
Practice Book § 519(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." As was said in Calnan v. Administrator,43 Conn. App. 779, 785, 686 A.2d 134 (1996), "[h]ere, the plaintiff failed to file a motion with the board for correction of the findings, a necessary prerequisite to a challenge to the board's decision." To the same effect, see Chavez v. Administrator,44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the CT Page 4488 absence of a motion to correct pursuant to Practice Book § 515A the board's factual findings and those conclusions which are based on the weight of evidence and credibility of witnesses cannot be challenged.
Even if the court were to analyze this appeal on its merits to determine whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion";Calnan, supra, 43 Conn. App. 785; the appeal must still be dismissed. General Statutes § 31-236 (a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer."[1] This statute also provides that an individual is eligible for benefits "if he leaves suitable work . . . for good cause attributable to the employer, including leaving as a result of changes in conditions created by his employer." To the same effect, see § 31-236-17 (b) of the proposed Regulations of Connecticut State Agencies.
Section 31-236-18 of the proposed Regulations of Connecticut State Agencies defines "voluntary leaving" as involving "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the proposed Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or working conditions which comprise the employment that the individual voluntarily left." Section 31-236-22 (a)(1)(A) of the proposed Regulations provides that a determination that an individual "voluntarily left suitable work for good cause attributable to the employer" with respect to "working conditions" must be based on a finding, among other things, that the employer "substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual."
The plaintiff also complained about hazardous working conditions. Pursuant to § 31-236-22 (a)(1)(A), (B), (C) and (D) of the proposed Regulations, in order to determine whether an individual left suitable work for good cause attributable to the employer, the administrator must find, with respect to working conditions, that: an employer substantially changed working conditions which have a "significantly adverse effect" upon the individual; endanger health or safety "to a greater degree than CT Page 4489 is customary for the employer's industry;" cause illness or contribute to the "aggravation or worsening of the individual's medical condition;" or violate governmental regulations and have an "actual or potential adverse effect upon the individual."
In the present case, the board determined that the plaintiff quit his job without good cause attributable to the employer. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.)Acro Technology, Inc. v. Administrator, 25 Conn. App. 130, 135,593 A.2d 154 (1991).
The board's conclusion of ineligibility for benefits is based on the referee's findings that the plaintiff left work for personal reasons based on his inability to get a raise. The board also concluded, in effect, that mere dissatisfaction with one's employment does not constitute, in terms of the Unemployment Compensation laws and regulations, sufficient cause attributable to the employer for leaving a job. Hence, the board found that the plaintiff voluntarily left his job.
In terms of the plaintiff's complaints about working conditions, such complaints were not presented to the administrator at the first level of the claim process. Secondly, the board determined that the record did not contain any evidence of complaints being made to the employer and that the plaintiff sought a change of such conditions. Thirdly, there was no evidence of a substantial change by the employer of working conditions that in turn adversely affected the plaintiff's health or safety. These conclusions are within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator, 192 Conn. 104, 112, 470 A.2d 1196
(1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. CT Page 4490
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the circumstances under which the plaintiff left his employment. Therefore, the defendant board's motion for judgment dated January 6, 1997, is granted, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 30th day of April, 1997.
William B. Lewis, Judge