ROBERT BURNHAM *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT, ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued April 1—decision released June 2, 1981

*Donald E. Wasik,* assistant attorney general, with whom were *Alan J. Rilla,* law student intern, and, on the brief, *Carl R. Ajello,* attorney general, and *Thomas J. Daley,* assistant attorney general, for the appellant (named defendant).

*Robert H. Arnold,* for the appellee (defendant United Technologies).

PETERS, J. This case is an aftermath of Storm Larry, a blizzard that led the governor of the state on February 7 and 8, 1978, to impose a state-wide driving ban. Because of that driving ban, the defendant employer, United Technologies, closed its Pratt & Whitney Aircraft plant, and the plaintiff-claimant, Robert Burnham, was unable to report to work. The plaintiff has been awarded partial unemployment benefits by the defendant administrator, Unemployment Compensation Act, pursuant to General Statutes § 31-229.[1] Although that award was

---

[1] "[General Statutes] Sec. 31-229. BENEFIT FOR PARTIAL UNEMPLOYMENT. An eligible individual who is partially unemployed throughout a week, which shall be, at the discretion of the administrator, either a calendar week or a payroll week of seven consecutive days as determined by the administrator, shall be paid with respect to such week an amount equal to his benefit rate for total unemployment reduced by an amount equal to two-thirds rounded to the nearest whole dollar of the total remuneration rounded to the nearest whole dollar of any nature payable to him for services of any kind during such week except service performed in the employ of any

affirmed by the appeals referee and by the board of review, the defendant employer's appeal was sustained by the Superior Court, *Aspell, J.* The court's decision was affirmed after a hearing on reargument; the administrator has appealed.

The facts found by the board of review are undisputed. The claimant, Robert Burnham, was a machinist at Pratt & Whitney Aircraft. During the week ending February 11, 1978, he was at work only on Monday, February 6. On Tuesday, February 7, and Wednesday, February 8, 1978, he did not work because, in direct consequence of the governor's driving ban, Pratt & Whitney Aircraft was closed. The plant reopened on February 9, 1978, but Burnham did not work on that day or the next because of reported illness. He received three days' pay for the week, one day's pay for the work performed on February 6, and two days' sick pay for February 9 and February 10.

Burnham filed a claim for partial unemployment benefits for the week of February 11, 1978, pursuant to the provisions of General Statutes § 31-229. That statute provides unemployment compensation for "an eligible individual who is partially unemployed throughout a week." The amount of the daily benefits provided under the statute is $16 for the claimant plus a $15 dependency allowance. After the administrator had determined that Burnham

town, city or other political subdivision, which service is performed in lieu of payment of any delinquent tax payments to such town, city or other political subdivision. An individual shall be deemed to be partially unemployed in any week of less than full-time work in which he has failed to earn remuneration of any nature amounting to at least one and one-half times his benefit rate for total unemployment rounded to the next highest dollar."

was eligible for these benefits, the administrator notified the defendant employer of its imposition of a merit rating charge against the employer.

The employer's subsequent appeal to the employment security board of review did not contest the finding that the claimant was eligible for unemployment benefits and did not question the amount of benefits for which he was declared to be eligible. The employer argued instead that the charge against its merit rating account was improper because the unique circumstances of Storm Larry and the governor's consequent driving ban made this unemployment not the fault of the employer. When the administrative review resulted in the affirmance of the decision of the administrator, the employer appealed to the Superior Court. There, for the first time, the employer argued, as an alternative to its argument that its account should not be charged, that the claimant was not under these circumstances eligible for benefits. Finding merit in the employer's arguments, the court held that "in order to prevent the imposition of a charge upon the account of Pratt & Whitney Aircraft, the claimant must be declared ineligible for the partial unemployment benefits received." It therefore sustained the appeal. The administrator has appealed to this court from that judgment.

The administrator's appeal in this court presents two issues for resolution, one procedural and one substantive. The procedural issue requires us to define the scope of review in the Superior Court, pursuant to General Statutes § 31-249b,[2] of a deci-

---

[2] "[General Statutes] Sec. 31-249b. APPEAL. At any time before the board's decision has become final, any party, including the administrator, may appeal to the superior court . . . . [T]he board shall certify the record to the court. The record shall consist of the

sion of the employment security board of review. The substantive issue requires us to determine the applicability of the Unemployment Compensation Act to unemployment that occurs without the fault of either the employer or the employee.

The precedural issue in this case is whether the Superior Court should have considered, on an administrative appeal, an argument that could have been, but was not, raised in the applicable administrative proceedings. It is conceded that the eligibility of the claimant for unemployment benefits was not challenged by the employer before the administrator, the appeals referee or the board of review. The administrator maintains that the question of eligibility was therefore not properly before the Superior Court. We agree.

In appeals under General Statutes § 31-249b, the Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the board of review. Practice Book § 519. The court "is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee." *DaSilva* v. *Administrator*, 175 Conn. 562, 564, 402

notice of appeal to the referee and the board, the notices of hearing before them, the referee's findings of fact and decision, the findings and decision of the board, all documents admitted into evidence before the referee and the board or both and all other evidentiary material accepted by them. . . . The court may remand the case to the board for proceedings de novo, or for further proceedings on the record, or for such limited purposes as the court may prescribe. The court also may order the board to remand the case to a referee for any further proceedings deemed necessary by the court. The court may retain jurisdiction by ordering a return to the court of the proceedings conducted in accordance with the order of the court or the court may order final disposition. . . ."

A.2d 755 (1978); *Bartlett* v. *Administrator,* 142 Conn. 497, 505, 115 A.2d 671 (1955). Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 5, 434 A.2d 293 (1980); *Cervantes* v. *Administrator,* 177 Conn. 132, 134, 411 A.2d 921 (1979); *DaSilva* v. *Administrator,* supra; *Guevara* v. *Administrator,* 172 Conn. 492, 495, 374 A.2d 1101 (1977); *Taminski* v. *Administrator,* 168 Conn. 324, 326, 362 A.2d 868 (1975).

These well-recognized limitations on judicial review do not require courts to abstain entirely from entertaining questions that might have been, but were not, raised before the administrative tribunal. Reviewing courts retain considerable latitude, in ordinary legal proceedings, to consider matters not raised in the trial court. *State* v. *Burke,* 182 Conn. 330, 331, 438 A.2d 93 (1980); *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973). The standard for review of administrative proceedings similarly must allow for judicial scrutiny of claims such as constitutional error; see *Connecticut Light & Power Co.* v. *Norwalk,* 179 Conn. 111, 117, 425 A.2d 576 (1979); jurisdictional error; *Slagle* v. *Zoning Board of Appeals,* 144 Conn. 690, 693, 137 A.2d 542 (1957); or error in the construction of the administrative agency's authorizing statute. See Cooper, 2 State Administrative Law, 595–602 (1965). In addition, the leniency traditionally afforded to inexperienced pro se parties may justify belated consideration of claims not fully

explored in earlier proceedings. None of these justifications for judicial intervention is present, however, in this case.

The circumstances of this case fully support the administrator's position that the question of eligibility could not properly be raised, for the first time, in the Superior Court. The application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant. As this court held in *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 107, 291 A.2d 721 (1971), finding error in a trial court's consideration of an issue on which the administrative agency had not ruled, "[t]o allow a court to set aside an agency's determination 'upon a ground not theretofore presented . . . deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action.' *Unemployment Compensation Commission* v. *Aragon,* 329 U.S. 143, 155, 67 S. Ct. 245, 91 L. Ed. 136 [1946]; see *Sunray Mid-Continent Oil Co.* v. *Federal Power Commission,* 364 U.S. 137, 158, 80 S. Ct. 1392, 4 L. Ed. 2d 1623 [1960]." See also *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 726–28, 345 A.2d 563 (1974). The employer should have presented, during the administrative proceedings, the evidence that would have been required to build a record on the question of the claimant's eligibility. The administrative forum is the proper place for the determination, for example, of the claimant's availability for work, an issue first raised by the employer in its appeal to this court. Although an employer cannot be charged for unemployment

benefits until an eligible claimant has received such benefits, the questions of eligibility and chargeability are, under our unemployment compensation laws, separate and distinct. See *Oppenheimer* v. *Administrator,* 177 Conn. 593, 594, 419 A.2d 337 (1979).

This resolution of the procedural issue narrows the substantive issue that we must decide. We must determine whether, in light of the factual circumstances established in the record, the driving ban imposed by the governor that led to the closing of the employer's plant, the defendant can properly be charged for unemployment benefits. The employer's merit rating account was charged by the administrator pursuant to the provisions of General Statutes § 31-225a (a) (4), which provides, in pertinent part: "[w]ith respect to initiating claims filed on or after July 1, 1975, and on or before June 30, 1978, the employer's account *shall be charged* for benefits paid during the period of unemployment following the filing of the initial claim . . . ." (Emphasis added.) The defendant does not contend that this provision is inapplicable to benefits paid for partial unemployment. The defendant points to no language in the statute which would permit the administrator to waive a merit rating charge on equitable principles. The legislature has imposed a charge that is, on its face, unconditional.

The defendant argues that, despite the categorical language of the applicable statute, we should look to the purpose and intent of the Unemployment Compensation Act to imply an exception in this case. The Superior Court found this argument unpersuasive, and so do we.

The intent of the legislature, as this court has repeatedly observed, is to be found not in what the legislature meant to say, but in the meaning of what it did say. *Frazier* v. *Manson,* 176 Conn. 638, 642, 410 A.2d 475 (1979); *Kulis* v. *Moll,* 172 Conn. 104, 110, 374 A.2d 133 (1976); *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167 (1975); *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 410–11, 311 A.2d 65 (1972). Where there is no ambiguity in the legislative commandment, this court cannot, in the interest of public policy, engraft amendments onto the statutory language.

The wisdom of deferring questions of public policy to the legislature is exemplified by the problems that judicial intervention would create in this case.[3] Were we to find that the employer was not chargeable, we would place reimbursement of the claimant's expenses in jeopardy. To the extent that difficulties with chargeability in this case were to create negative implications for eligibility in another case, relief for the employer would be inconsistent with the expressed purpose of the Unemployment Compensation Act. Its remedial purpose is to provide relief for its primary beneficiaries, those who are unemployed without fault or for cause. General Statutes § 31-274 (c); *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 24, 434 A.2d 293 (1980); *Halabi* v. *Administrator,* 171 Conn. 316, 322, 370 A.2d 938 (1976); *Taminski* v. *Administrator,* 168 Conn. 324,

---

[3] Counsel has called to our attention the enactment of amendments to General Statutes § 31-225a (a) (4) subsequent to the relevant dates in this case. Because these amendments provide relief for the employer under signally distinguishable circumstances, they do not illuminate the proper disposition of this case. They do indicate, however, that the legislature is alert to the problems created by natural disasters.

328, 362 A.2d 868 (1975); *Furber* v. *Administrator,* 164 Conn. 446, 454, 324 A.2d 254 (1973); *United Aircraft Corporation* v. *Fusari,* supra, 410.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to dismiss the appeal.

In this opinion the other judges concurred.