[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal concerning unemployment compensation. The record reveals the following: The Administrator denied the claimant's application for benefits. The claimant appealed the decision of the Administrator. The Referee conducted a hearing de novo, made findings of fact and reversed the decision of the Administrator. The employer appealed that decision to the Board of Review. The Board adopted the findings of the Referee and affirmed her decision. The employer filed a motion to reopen the Board's decision. The Board denied that motion. The plaintiff appealed the decision of the Board to the Superior Court.
The court in hearing this appeal does not hear the case de novo and is bound by those facts found and reasonable conclusions reached from them. The court may go no further than to determine whether the decision appealed is unreasonable, arbitrary or illegal. Burnham v. Administrator, 184 Conn. 317, 321-22,439 A.2d 1008, 1010 (1981); Robinson v. Unemployment Security Boardof Review, 181 Conn. 1, 4-5, 434 A.2d 293, 295 (1980).
Pursuant to C.G.S. § 31-236(A)(2)(B), an individual is ineligible for benefits if he is discharged for repeated wilful misconduct in the course of his employment. Pursuant to § 31-236-26(b), repeated wilful misconduct requires that the individual committed two or more acts of wilful misconduct, either the same or different in nature, during the course of his employment, that the final act of the individual which actually precipitated the discharge or suspension constituted wilful misconduct and that the individual committed at least one prior act of wilful misconduct within the year immediately preceding the act which precipitated the discharge or suspension. CT Page 2209
In the instant case the Referee and Board of Review found that the claimant was discharged only after a final incident of a physical altercation provoked by a co-worker. The Appeals Referee, Janice Dombrowski, in her decision dated December 9, 1991, concluded from facts she found that:
 The claimant was involved in a physical altercation on September 19, 1991. The claimant did not initiate the physical altercation, another co-worker came after him and started swinging following a disagreement over a cup of coffee and the use of a calculator. While the claimant certainly was involved in the verbal argument, he did not initiate or even participate in the physical altercation.
In her findings of fact the Appeals Referee found that the claimant told Mr. Pagano he was a "freak." (Finding #8). The claimant in his testimony stated "so I called him a prick." (Transcript p. 14). The claimant also in his testimony stated "I says you don't have to get so mad over a calculator, and then he slammed, he says well you called me that, I, he slammed down the calculator and started coming after me." (Transcript p. 15).
The conclusion drawn by the Appeals Referee that the co-worker came after the claimant and started swinging following a disagreement over a cup of coffee and the use of a calculator is not supported by the evidence. The claimant testified he called his co-worker a "prick" and, that the altercation came on the heals of that. The coffee incident had occurred earlier, followed by the claimant's again taking the co-worker's personal calculator without permission. And, when called on it by the co-worker, the claimant responded by calling the co-worker a "prick." This exchange took place in an area where there were other workers. There is also in evidence claimant's letter to the employer written on September 21, 1991, two days after the incident, in which the claimant states he, the claimant, owed his co-worker, John Pagano, an apology.
The Appeals Referee's conclusion that the claimant did not "initiate" the altercation, having been based on findings of fact not supported by the evidence the case is remanded for a hearing de novo. CT Page 2210
Mary R. Hennessey, Judge