[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
This is an administrative appeal pursuant to § 4-183
Conn. Gen. Stat., as allowed by § 17-2b which provides that an applicant for an administrative hearing, if aggrieved, may appeal in accordance with § 4-183.
At the hearing held April 28, 1995, counsel stipulated that the plaintiff is aggrieved, therefore, the court finds that the plaintiff is aggrieved for purposes of this appeal.
Also, the plaintiff is an aggrieved person in that being denied medicare benefits, he has had a specific and legal interest injuriously affected. State Medical Society v. BoardCT Page 5364of Examiners in Podiatry, 203 Conn. 295 (1987).
The appeal, which is dated October 20, 1994, is brought by Albert P. Proulx, Conservator of the Estate of Irenee Bergeron and Salvatore Rosa, Conservator of the Person of Irenee Bergeron.
The appeal alleges the following:
 1. On or about December 13, 1993, Irenee Bergeron applied for Title XIX benefits in the nature of Medical Assistance.
 2. Irenee Bergeron was denied those benefits on February 9, 1994.
 3. On April 4, 1994, Irenee Bergeron, through his attorney Albert P. Proulx, requested a fair hearing to contest the Connecticut Department of Social Services' (hereinafter the "Department") denial of Title XIX benefits in the nature of Medical Assistance.
 4. On May 5, 1994, the plaintiff Albert P. Proulx was appointed Conservator of the Estate of Irenee Bergeron, and the plaintiff Salvatore Rosa was appointed Conservator of the Person of Irenee Bergeron.
 5. On June 8, 1994, a hearing was held before Anne C. Popolizio, a hearing officer of the Department of Social Services.
 6. On September 8, 1994, the Department issued, through its fair hearing officer, a decision upholding the denial of Title XIX benefits in the nature of Medical Assistance.
 7. Plaintiff Irenee Bergeron, through Albert P. Proulx, requested a timely reconsideration of the decision on September 20, 1994.
 8. The decision to deny the plaintiff's application for Medical Assistance severely prejudices substantial rights of the plaintiff and is in excess of the statutory and regulatory authority of the Department CT Page 5365 of Social Services in violation of Federal and State constitutional and statutory provisions and in error of law for the following reasons:
 a. The decision misapplied Department of Social Services Policy because no standards for the decision were provided or applied.
 b. The decision violates Article One, Sections One and Ten of the Connecticut Constitution, and the Fifth and Fourteenth Amendments of the United States Constitution
by denying him due process and equal protection.
 c. The decision was not supported by the findings of fact.
 9. The defendant Commissioner, through her fair hearing officer, has acted illegally, arbitrarily, unreasonably, capriciously and in abuse of her discretion in denying the plaintiff's application for Medical Assistance. The substantial rights of the plaintiff have been prejudiced because a) the conclusion upon which the decision is based is not supported by the findings of fact; b) the conclusion, decision and/or regulation upon which it is based are (1) in violation of statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, and (6) arbitrary, capricious or characterized by abuse of discretion.
The respondent denies plaintiff's 8 and 9 of the appeal. In its brief of law dated February 7, 1995, the plaintiff only briefed the issue concerning the claim that "the court should modify or reverse the decision of the hearing officer."
The facts giving rise to this appeal are in the record, which shows that on September 8, 1994, the defendant rendered a final decision denying the plaintiff's application for Medical Assistance to the Aged, Blind and Disabled. Said decision CT Page 5366 followed a hearing which was held on June 8, 1994, attended by Albert P. Proulx, Conservator of the Estate of Irenee Bergeron, Jose Escales, Agency Representative, and Anne C. Popolizio, Hearing Officer.
The hearing was based on the December 13, 1993 application of Irenee Bergeron for Title XIX benefits for convalescent care. Mr. Bergeron was a patient at New Britain General Hospital when the application was submitted. The application was reviewed by Eligibility Services Workers. It was concluded that the applicant had transferred $255,171.00 from bank accounts held by him between 1992 and 1993.
The decision rendered by the hearing officer contained a "Statement of Issue" as follows:
 The question is whether the appellant has established his eligibility for Medical Assistance (MA). The agency claimed there was no eligibility because of transfers of assets, and assets in excess of the limits. The conservator offered arguments against the agency's findings
The hearing officer made the following findings of fact:
 1. The appellant's December 13, 1993, application for MAABD was denied on February 9, 1994, for two reasons: excess assets, and transfer of $255,171.00 in assets. (exhibit 5)
 2. The appellant owned several bank accounts, including The Federal Savings Bank (FSB) account #04-44-0000012842 (12843); and account #04-00-51523 (51523). (exhibits 1 and 2; and testimony)
 3. FSB account #12843 on September 30, 1993, had a balance of $3,242.19. (exhibit 1)
 4. Account #51523 had balances of $3,516.50 on September 30, 1993; $3,522.48 on October 31, 1993; $3,528.28 on November 30, 1993; and $3,534.28 on December 31, 1993. (exhibit 3)
CT Page 5367
 5. The appellant to December 31, 1993, had assets in excess of $1,600.00 asset limit. (exhibits 3 and 1)
 6. The appellant gave $100,000.00 to St. Mary's Church for renovations during the period between the time of his wife's death to the time of application. (exhibit 11 and testimony)
 7. The agency found the appellant had transferred $255,171.00 improperly. (testimony, and exhibits 5 and 9)
 8. The appellant and his conservator did not provide a rebuttal which included reasons for the transfers, and objective evidence to dispute the agency's conclusion that the transfers were improper, and a bar to his eligibility for MAABD.
 9. From accounts #51523 and #12843 the appellant made large withdrawals of $264,871.06 during the period May 7, 1992 to November 15, 1993. (exhibits 1, 2 and 3)
 10. The bank accounts have been continuously accessible to the appellant.
 11. Effective May 4, 1994, a conservator of the appellant's estate was appointed. (exhibit 7)
 12. The appellant has been a patient at New Britain General Hospital where he receives care at least equivalent to that provided in a long-term facility. (testimony)
 13. The appellant has been institutionalized since the date of application, December 13, 1993. (testimony)
 14. The appellant disposed of a least $264,000.00 in assets during the look back period prior to his December 1993 application for Medical Assistance.
15. The appellant transferred his assets for CT Page 5368 less than fair market value. (testimony)
 16. The appellant failed to establish that his asset transfers did not render him ineligible for Medical Assistance.
 17. The appellant's assets were not transferred to a trust set up for his behalf.
 18. The appellant did not establish his transfers were made for reasons other than qualifying for assistance.
 19. The appellant's actions left him virtually impoverished. (testimony and exhibits 1 and 3)
 20. The appellant did not show that the transfers were made in return for other valuable consideration(s).
 21. The appellant did not show the denial would cause him undue hardship.
 22. The appellant did not show receipt of compensation in return for the transferred assets.
 23. The appellant was offered opportunity to rebut the agency's conclusions leading to the denial of benefits.
 24. The appellant's eligibility for MAABD was not established.
By way of notation, it is observed that the parties in their briefs indicated that in December 1994, the plaintiff was found eligible for community Title XIX benefits through November 1996. However, the issue before the court is the denial of plaintiff's eligibility for medical assistance to provide hospitalization and future care in a long term care facility.
 II.
The defendant argues that the plaintiff was not eligible for benefits in that he had transferred assets during a 30 month "look back" period, citing § 17-134b, Connecticut General Statutes and Connecticut Department of Social Services CT Page 5369 Uniform Policy Manual § 3028.5 (1987).
The hearing officer found, in her findings of fact, that plaintiff made withdrawals of $264,871.06 between May 7, 1992 and November 15, 1993, and that the transfers were for less than fair market value. Also, that the plaintiff did not show that the transfers were made for reasons other than qualifying for assistance.
At the hearing the plaintiff's representative argued that the plaintiff had limited mental capacity, citing the death of his wife in February 1992 was the cause of his depression. To substantiate this point, the plaintiff offered the written reports of N. Mohanraj, M.D. The reports are as follows:
5/30/94
 I have known Mr. Irenee Bergeron for over 5 years. He has undergone medical treatment for several conditions, mainly chronic respiratory disease.
 Since the sudden and unexpected death of his wife, he has been quite depressed and his mental capacity has been reduced.
6/3/94
 Mr. Irenee Bergeron came under my care in 1988 when his physician retired.
 His problems include sever clinic obstructive (?) lung disease and asthma. He has been treated frequently in the office and the emergency room for problems.
 He has been hospitalized at New Britain General in Feb. 89, April 89, June 90, Nov. 91, Dec. 91, March 93, June 93, July 93, August 93 — all for worsening of his respiratory disease.
 In August 93 and again in September 93, he was admitted with stroke.
CT Page 5370
The hearing officer in considering this issue concluded she could not uphold the plaintiff's position thereon.
The hearing officer found that from May 1992 to November 1993, 29 large withdrawals or checks were cashed on the plaintiff's accounts, totaling $264,871.06. Also, that the equity in plaintiff's home was depleted due to a reverse mortgage, paying him $1,000.00 per month. Further, since most of the funds were transferred before August 1993, she found the strokes had no bearing on his action.
The hearing officer found the agency's decision to be correct in that the plaintiff had transferred assets for less than fair market value, which caused him to be impoverished and in need of assistance to meet his medical expenses.
In its notice of decision dated September 8, 1994, the hearing officer concluded "The agency's denial of the appellants December 13, 1993 application for MAABD is affirmed. The appellant is not eligible for medical assistance."
 III.
The standards of review for administrative appeals are set forth in § 4-183 (j), Conn. Gen. Stat., as follows:
 (j) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, CT Page 5371 it shall sustain the appeal and, if appropriate, amy [may] render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment.
In Burnham v. Administrator, 184 Conn. 317 at p. 332, our Supreme Court stated; "Judicial review of the conclusions of law reached administratively is also limited." The court's ultimate duty is only to decide whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion.
A review of the record satisfies the court that the conclusions of the hearing officer are appropriate, proper and reasonable in view of the entire evidence before her.
The circumstances of this case support the hearing officer's conclusion that the plaintiff was not entitled to the benefits requested.
The plaintiff has not sustained its burden of proof that the defendant has acted in violation of § 4-183 (j) of the Connecticut General Statutes.
Therefore, the court upholds the determination made by the hearing officer and accordingly dismisses the appeal.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT