[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Carolyn Hurdle, appeals the decision of the Employment Security Appeals Division — Board of Review which affirmed the Administrator's denial of her application for unemployment compensation benefits. This appeal is brought pursuant to General Statutes § 31-249b. The defendant, Administrator, Unemployment Compensation Act, has moved for judgment dismissing the plaintiff's appeal. For the reasons set forth below, the motion for judgment is granted and the appeal is ordered dismissed.
Facts
The plaintiff worked part time for Fairbanks Mortgage Bankers Corporation, Waterbury, Connecticut from July 1, 1993 to November 14, 1996. She quit her job in order to relocate to West Virginia where her husband had been transferred. She thereafter filed an interstate application for unemployment compensation benefits. Her application for benefits was denied by the Administrator. The denial was affirmed by an Appeals Referee and the Board of Review. This appeal followed. CT Page 8858
The plaintiff's claim before the Administrator and Appeals Referee was that she had no choice but to leave her job at Fairbanks Mortgage because her spouse had been transferred by his job from Connecticut to West Virginia. Her choice to leave was not "voluntary" but rather was mandated by her husband's situation. At no time did the plaintiff claim that she left her job because of a cause attributable to her employer.
Discussion
Under Connecticut law, the court's role in an administrative appeal such as this is to determine whether the decision appealed from is unreasonable, arbitrary or illegal. Burnham v.Administrator, 184 Conn. 317, 321-22 (1981); Robinson v.Unemployment Security Board of Review, 181 Conn. 1, 4-5 (1980).
In this case, the plaintiff's decision to quit her job was due to personal circumstances that were unrelated to her employer. Accordingly, she is ineligible for benefits, General Statutes § 31-236 (2)(A). Her need to follow her husband to West Virginia is not a reason recognized by statute that overcomes this disqualification. The decision of the Board of Review to this effect was neither unreasonable, arbitrary nor illegal, but was in accord with § 31-236 (2)(A).
The defendant's motion for judgment is therefore granted and the appeal is dismissed.
So ordered at Hartford, Connecticut this 25th day of September, 1997.
Devlin, J.