[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff/claimant Charlie Rios (Rios) appeals the decision of the Employment Security Appeals Division Board of Review ("Board of Review") denying him unemployment benefits. For the reasons set forth below, the decision of the Board of Review CT Page 11831 is affirmed and judgment shall enter dismissing the appeal.
Rios worked as a cook for Goldy's Restaurant in New London, Connecticut. On March 26, 1993, he did not report to work because he was sick with a bad cold. When Rios called into work, his supervisor told him that the manager, Leonard Goldstein ("Goldstein"), wanted him to bring a doctor's note when he returned to work.
The witnesses gave conflicting testimony as to what occurred next. The appeals referee found as follows:
a. Goldstein wanted Rios to bring a doctor's note because he wanted to make sure that he was not preparing food while he was still sick, although this reason was not explained to Rios when he called.
b. Rios had not seen a doctor because he had no medical insurance and could not afford to do so.
c. Rios tried to call Goldstein two or three times on March 26 and March 27 to explain that he could not afford to see a doctor, but Goldstein was not available when he called.
d. On March 29, after recovering from his illness, Rios went to work to pick up his paycheck and see Goldstein about the situation, but Goldstein was not in.
e. Rios assumed that he had been discharged because of his failure to submit a doctor's note, so he did not return to work or attempt to contact his employer again.
f. Had Rios contacted Goldstein and told him that he could not afford to see a doctor, Goldstein would have reimbursed Rios for the cost of the doctor appointment.
Based on those factual findings, the appeals referee found that Rios had voluntarily separated from his job without good cause and was therefore ineligible for benefits. See General Statutes § 31-236 (a)(2)(A). The appeals referee reversed the decision of the administrator who had awarded Rios benefits. The Board of Review affirmed the decision of the appeals referee and this appeal followed.
In his decision, the appeals referee observed that the CT Page 11832 requirement that Rios bring a doctor's release in order to return to work may have been unreasonable if Rios legitimately could not afford a doctor's visit. The appeals referee further noted that Rios' inability to comply with this requirement may have provided Rios good cause for leaving his job. However, the appeals referee credited Goldstein's testimony that he would have reimbursed Rios for the doctor's visit if Rios had contacted him and explained the situation. Because Rios did not make a bona fide attempt to meet with Goldstein and resolve the doctor's note requirement, the appeals referee concluded that Rios left his job without good cause.
In this appeal, Rios makes the same claims that he has asserted throughout the case, namely: (1) Goldstein would not have paid the cost of a doctor's visit; (2) Goldstein did not require other employees to bring in doctor's releases when they returned to work after being out sick; and (3) Goldstein, himself, worked at the restaurant with a cold. Rios made all of these claims to the appeals referee and board of review.
The law in Connecticut is clear that the court "is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee." Burnham v. Administrator, 184 Conn. 317, 321 (1981). The courts ultimate duty is only to decide whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. Id. 322.
Rios never pursued with Goldstein the question of his employment status but assumed he was discharged. Therefore, whether Goldstein, in fact, would have paid for a doctor's visit is unknown. The appeals referee, however, was entitled to credit Goldstein's testimony in this regard notwithstanding Rios' contrary assertions.
In sum, the decision of the Board of Review, which affirmed the decision of the appeals referee, was neither unreasonable, arbitrary, illegal nor an abuse of discretion. Accordingly, the decision of the Board of Review is affirmed and the appeal is ordered dismissed.
So Ordered at Hartford, Connecticut this 6th day of November, 1997. CT Page 11833
Robert J. Devlin, Jr., J.