[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Office of Consumer Counsel (hereinafter "OCC") appeals the decision of the Connecticut Department of Public Utility Control (hereinafter "DPUC") dated October 1, 1999, docket no. 99-03-35, DUC Determination ofThe United Illuminating Company's Standard Offer. The appeal implicates Public Act 98-28 entitled "An Act Concerning Electric Restructuring," Connecticut General Statutes § 16-244, et. seq.
The parties to this appeal are plaintiff OCC, authorized by Section 16-2a
to act as advocate for consumer interest in all matters which may affect Connecticut consumers with respect to public service companies; defendant Department of Public Utility Control, authorized by to Section 16-1b, et. seq., to regulate public service companies; and defendant United Illuminating Company (hereinafter "UI"), the petitioner in the docket referred to above.
Section 16-244c of Electric Restructuring Act here implicated provides:
 (2) Not later than October 1, 1999, the Department of CT Page 2847 Public Utility Control shall establish the standard offer for each electric distribution company, effective January 1, 2000, which will allocate the costs of such company among the electric transmission and distribution services, electric generation services, the competitive transition assessment and the systems benefits charge. The department shall hold the hearing that shall be conducted as a contested case . . . to establish the standard offer. The standard offer shall provide that the total rate charged under the standard offer. . . . shall be at least 10% less than the base rates, as defined in Section 16-244a, in effect on December 31, 1996.
The specific ground upon which OCC appeals is that the DPUC decision improperly determined the December 31, 1996 base, from which the standard offer discount United Illuminating Company is required to make, must include within that base certain fuel adjustment clause amounts.
UI in its brief urges the court to dismiss this appeal for lack of jurisdiction because OCC failed to raise the issue before the DPUC that it raise for the first time in this appeal. UI did not file a motion to dismiss pursuant to Connecticut Practice Book Section 10-30 but, nevertheless, this court must deal with the jurisdictional questions presented pursuant to Connecticut Practice Book Section 10-33 which provides: "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action."
OCC conceded at the argument of this appeal that it failed to raise the issue before the DPUC it now claims as the ground for this appeal. Its counsel explains its failure because OCC has a small staff and at the time this case came before the DPUC, it was handling many weighty cases arising under the Electric Restructuring Act and, consequently, then operating beyond its capacity. Nevertheless, the OCC asserts several reasons, hereinafter dealt with, why this appeal should not be dismissed.
Failure to raise an issue before an administrative agency and attempting to assert it for the first time in an administrative appeal to the Superior Court invokes the doctrine of failure to exhaust administrative remedies. "That doctrine implicates subject matter jurisdiction," Housing Authority v. Papandrea, 222 Conn. 414, 420
(1992). It requires a court ruling that an issue not raised before an administrative agency "could not properly be raised, for the first time, CT Page 2848 in the Superior Court," Burnham v. Administrator, 184 Conn. 317, 323
(1981).
There are two important reasons for the rule. The first is that "`the reviewing court will have the benefit of the agency's findings and conclusions.'" Fish Unlimited v. Northeast Utilities Service Co.,254 Conn. 12 (2000), quoting from Housinq Authority v. Papandrea, supra222 Conn. 420. That reason is particularly significant here. The DPUC is authorized by statute initially to interpret and apply the complicated Electric Restructuring Act. Specifically Section 16-244c(2) provides that the DPUC "shall establish a standard offer for each distribution company." Only after it has made its determination can the Superior Court appropriately act in its appellate capacity "to decide whether, in light of the evidence, [the administrative agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Burnham v.Administrator, supra 184 at 322.
The second reason for the doctrine is that "the administrative agency may be able to resolve the issues, making judicial review unnecessary."Fish Unlimited v. Northeast Utilities Service Co., supra,254 Conn. at 13. In that way the limited resources of the court are preserved and judicial economy achieved.
OCC makes three arguments why the doctrine of exhaustion of administrative remedies should not be applied against it in this case. The first is that the doctrine is directory rather than mandatory. In support of that argument, it quotes the following from Burnham v.Administrator, supra 184 at 322-323:
 "These well recognized limitations on judicial review do not require courts to abstain entirely from entertaining questions that might have been, but were not, raised before the administrative tribunal. Reviewing courts retain considerable latitude, in ordinary legal proceedings, to consider matters not raised in the trial court."
However, the very case cited by the OCC, Burnham v. Administrator,
specifically holds that the failure of the plaintiff employee to raise before the Unemployment Compensation Administrator the issue of his eligibility for unemployment compensation during the period the governor had imposed a ban on driving in the state deprived the court of jurisdiction and required dismissal of his appeal. Moreover, in the innumerable cases our courts at all levels have applied the doctrine of exhaustion of administrative remedies, none hold that the doctrine is directory rather than mandatory. CT Page 2849
The second argument the OCC makes is that his case falls within one of the recognized exceptions to the doctrine of exhaustion of administrative remedies. Those exceptions are summarized by the Supreme Court in Burnhamv. Administrator, supra at 332 as follows:
 "The standard for review of administrative proceedings similarly must allow for judicial scrutiny of claims such as constitutional error; [citations omitted]; jurisdictional error; [citations omitted]; or errors in the construction of an administrative agency's authorizing statute. See Cooper, 2 State Administrative Law, 595-602 (1965). In addition, the leniency traditionally afforded to inexperienced pro se parties may justify belated consideration of claims not fully explored in earlier proceedings."
The exception the OCC urged in oral argument is the one involving error in statutory construction, claiming that is the precise issue raised in this appeal, namely, whether or not the DPUC properly construed Section 16-242c(2) in calculating the standard offer of UI. However, the exception cannot apply to all statutory interpretations by an administrative agency or there would be no doctrine left, because virtually all administrative agency decisions involve statutory interpretations. The exception in Burnham v. Administrator refers to "errors in the construction of the administrative agency's authorizing
statute." The citation in that case to Cooper, 2 State Administrative Law, 595-602 does not even allude to this exception, and this court can find no cases supporting it. The reference to the agency's authorizing statute must relate to the powers vested in the DPUC by Title 16 of the General Statutes to regulate public service companies, and clearly DPUC has not misconstrued those statutes authorizing it to decide this case.
The third argument OCC makes is that because Section 16-2a(a) provides that OCC may appeal from an agency decision "notwithstanding its failure to appear or participate in said proceeding," a fortiori, it can appeal without having raised an issue below. The first response to that argument is that OCC may not assert Section 16-2a(a) as an exception to the doctrine of exhaustion of administrative remedies in this case because OCC did appear before the DPUC. The court will not rule on what issues the OCC can raise on appeal if it did not appear. It does hold that when the OCC has appeared in a proceeding, it must raise the issues upon which it subsequently appeals to give the agency the opportunity first to rule on them, or this court lacks jurisdiction to even consider them.
OCC further argues that if it appeared and did not raise the issues CT Page 2850 upon which its appeals, it is in a worse position than if it had not appeared at all.
OCC carries the high responsibility of representing all consumers on matters before the DPUC who would otherwise not have an advocate. In fulfilling that high responsibility, OCC cannot withhold bringing issues before the agency so as to assert Section 16-2a(a) as a basis for raising the issues for the first time on appeal to this court.
In short, this court will not construe Section 16-2a(a) as providing OCC with an excuse for not complying with the doctrine of exhaustion of administiative remedies. Administrative appeals are not a game. The OCC is not privileged by virtue of Section 16-2a(a) to play tricks on the DPUC and this court.
For the foregoing reasons this court invokes the doctrine of failure to exhaust administrative remedies, and concludes on that basis that it lacks jurisdiction to hear this appeal. Accordingly, it is dismissed.
Robert Satter State Judge Referee