[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff herein James P. Bohan appeals to this court from the decision of the Board of Review of the Employment Security Appeals Division, which Board of Review affirmed the decision of the Appeals Referee, who reversed the decision of the Administrator, who had granted the plaintiff's application for unemployment compensation benefits.
The Board of Review sustained the decision of the Referee denying unemployment benefits to the plaintiff. The Board of Review had before it and reviewed the record in the appeal, including the tape recording of the Referee's hearing. The referee found that the claimant left his job without good cause attributable to the employer.
The Board of Review found that the employer who was the owner, and the employee, who was supervised by the owner, had a discordant relationship. Consequently the employer directed that the senior accountant train and supervise the claimant. Instead of giving the new CT Page 9949 arrangement a reasonable trial the claimant quit his job without exploring alternatives to leaving. The claimant has failed to demonstrate that further attempts to preserve his employment would have been futile. The Board reiterated that the Referee found that the claimant quit without notice after the owner had attempted to remedy difficulties with their working relationship.
General Statutes 31-236 (a)(2)(A) provides that an individual shall be ineligible for benefits if he has left suitable work voluntarily and without good cause attributable to the employer. Regulation Sec. 31-236-22, captioned "Good cause — working conditions" provides in part as follows "(1)(H) the individual was subjected to a pattern of verbal abuse which would be offensive to a reasonable person by a fellow employee or his supervisor or any other authorized representative of his employer. . . ." Section (2) provides, however, as a condition that "the individual expressed his dissatisfaction regarding the working condition to his employer and unsuccessfully sought a remedy through those means reasonably available to him before leaving his employment. . . ." The Board further found that the last argument the claimant and the owner had occurred more than one week prior to the claimant's quitting his job without notice. Their relationship was cordial after that incident. The claimant appeared satisfied with reporting to the senior accountant.
The finding and conclusions of the Board of Review are fully supported by the record and are not unreasonable, arbitrary, illegal, or in abuse of its discretion. See Burnham v. Administrator, 184 Conn. 317, 322
(1981). For the reasons set forth herein the appeal is dismissed.
L. Paul Sullivan, J.