[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals to this Court from the decision of the Board of Review which decision affirmed the decision of the Appeal Referee dismissing the plaintiff's appeal by virtue of the late filing of the appeal from the Administrator's decision.
On February 10, 2000 the Administrator ruled that the plaintiff Bingston II 22C/ dba Equipment Service succeeded to and thus acquired the experience rating records of Equipment Service, Inc. The plaintiff filed a late appeal from the Administrator's determination, on July 20, 2000.
General Statute 31-241 provides, in part that: The decision of the administrator shall be final and benefits shall be paid or denied in accordance therewith unless the claimant or any of such employer, within twenty-one calendar days after notification was mailed to his last known address, files an pursuant to Section 31-249h for the late filing, appeal from such decision.
The statute also provides that any such appeal which is filed after such twenty-one-day period may be considered to be timely filed if the filing party shows good cause, as defined in regulations adopted pursuant to Section 31-249h for the late filing.
Regulation Sec. 31-237g-15 is captioned: Appeal to the Referee; time and place for filing; jurisdiction of Referees. Said regulation, section CT Page 10427 (b) provides that; For the purposes of this section, a party has good cause for failing to file an appeal within twenty-one (21) calendar days of the issuance of the Administrator's determination if a reasonably prudent individual under the same set of circumstances would have been prevented from filing a timely appeal.
Mr. Alex Karas of the Employer Status Unit, acknowledged the lateness of the appeal from the original determination which was nearly five months late. He also determined that even if the appeal had been timely, the plaintiff could not prevail on the merits of the appeal.
The Appeals Referee Matthew E. Wynne, found that the Administrator, on February 10, 2000 mailed a decision letter to the appellants address, that the appellant's Controller showed the letter to the appellant's vice president, Mr. Wilson, who read the letter and instructed the Controller Charles DiPillo, to follow up on it. DiPillo never filed an appeal and left his employment with the appellant by the end of March, 2000. Wilson forgot about it, never asked DiPillo if he had filed an appeal, and Wilson never designated anyone else to handle unemployment matters.
The letter clearly informed the appellant of the necessity of filing an appeal within twenty-one days. Otherwise the decision would become final on the twenty second calendar day.
The Appeals Referee determined that Mr. Wilson had previously filed appeals on unemployment compensation matters and he should have known that the appellant had twenty-one days from the date on which the Administrator mailed the decision letter to file a timely appeal. It appears that Mr. Wilson's position is that the appellant should not be penalized because he relied upon a subordinate to handle the matter. The appeals referee rejected that argument, finding support in Board Case No. 599-BR-89 (7/5/89), McKenna v. Across From the Horse. The Appeals Referee thought there was a lack of due diligence, and hence that the appellant lacked good cause for filing its appeal nearly six months late. The Appeals Referee dismissed the appeal.
The appellant appealed to the Board of Review. The Board of Review determined that the employer's comptroller is its agent. The Board, citing several Board decisions (Sack v. Community Action Committee,Danbury, Inc., Board Case No. 336-BR-89 (5/3/89), holding that employer's deficient mail handling procedures is not good cause, and Gaeto v.B.C.B. Consulting, Inc., Board Case No. 68-BR-89, (2/2/89) holding that the press of business does not excuse failing to comply with the appeal procedures) determined that there was not good cause for this late filing. CT Page 10428
This Court is bound by the findings of subordinate facts and reasonable factual conclusion of the appeals referee where, as here, the board of review essentially adopted the findings of the referee. The Court's ultimate duty is only to decide whether, in light of the evidence, the board of review has acted unreasonably, illegally or in abuse of its discretion. See Burnham v. Administrator, 184 Conn. 317, 321, 322
(1981). The court determines that the board has not acted unreasonably, arbitrarily, or in abuse of its discretion.
The appeal period pertaining to the appeal to the Referee is established as twenty-one calendar days after notification unless the appellant shows good cause for a filing after the twenty-one day period. General Statutes 31-241. The appellant neither appealed within the twenty-one day period nor did the appellant show good cause for a late filed appeal. It has long been the law in this state that for appeals to be entertained the dispute must come before the appeals authority in the manner prescribed by law. See Green v. Hobby, 8 Conn. 165 (1830). "An appeal in this state is a statutory privilege accorded only if the conditions fixed by statutes and rules of court for taking and prosecuting it are complied with." Kennedy v. Walker, 135 Conn. 262, 266
(1948)
The decision of the Board of Review is affirmed. The appeal is dismissed.
 _______________________ L. PAUL SULLIVAN, JUDGE