[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal pursuant to Conn. Gen. Stat. § 31-249(b). The claimant (Harris) appeals from the Board of Review's (Board) decision affirming the Appeals Referee dismissal for lack of subject matter jurisdiction caused by the untimely appeal of the Administrator's ruling on an overpayment of unemployment compensation benefits.
The Board rendered its decision on January 29, 1999. The decision essentially recites the law regarding appeals from the decision of the Administrator. This appeal is governed by Section 31-241 of the Connecticut General Statute: "An appeal must be taken within twenty-one calendar days after the administrator's decision was mailed to the appellant unless pursuant to Conn. Agencies Regs. § 31-237g-15(b) the appellant shows good cause for filing the appeal after the twenty-first day. The Board further provided that the Referee cannot (loses jurisdiction) after the twenty-first day and that the Referee may not consider the appeal.
The Board's decision found that the Administrator mailed the decision on May 19, 1998 and that the claimant appealed on September 8, 1998 beyond the statutorily prescribed twenty-one day period. The Board stated that the Referee made the determination and it found no reason to overturn the determination. The Board further notices that Harris had notices of overpayment in June and July 1998 and failed to act with due diligence in waiting until September 1998 to file her appeal. The Board concluded that the Referee was required by law to dismiss the appeal.
The Superior Court does not retry the facts or hear evidence in appeals CT Page 15825 under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review. Burnham v. Administrator, 184 Conn. 317, 321, 439 A.2d 1008
(1981). The court "is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee." Id., quoting DaSilva v. Administrator, 175 Conn. 562,564, 402 A.2d 755 (1978). "Conclusions of law reached by the referee cannot stand, however, if the court determines that they resulted from an incorrect application of the law to the facts found or could not reasonably and logically follow from such facts. Although the court may not substitute its own conclusions for those of the referee, the court's ultimate duty is to decide whether the referee acted unreasonably, arbitrarily or illegally. Guevara v. Administrator [172 Conn. 492, 495,374 A.2d 1101 (1977)]." DaSilva v. Administrator, supra, 564; see Burnhamv. Administrator, supra, 322. Thus, we have recognized that our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute. Id. Finkenstein v.Administrator, 192 Conn. 104, 112, 113.
The court need not address the issue that the court lacks jurisdiction because of the untimely appeal since there are by its own regulations provisions for good cause as discussed infra. However an examination of the record of the findings of the Referee adopted by the Board established that the claimant had notice of the decision and an appeal was not taken within the period for appeals without good cause. (See Finding of Fact #8 and #9 of Appeals Referee in the Certified Record 9.)
Notwithstanding the recitation of facts by the claimant which had been considered by the Board, this court having reviewed the record on file does not find that the Board acted unreasonably, arbitrarily or illegally.
The appeal is dismissed.
Frank S. Meadow, J.T.R.