[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
A hearing officer for the defendant Department of Social Services ("the department") concluded that the plaintiff Ralph Biondi was ineligible for medicaid benefits because he owned three automobiles and thereby had assets that exceeded the medicaid eligibility amount. The plaintiff appeals this determination under the Uniform Administrative Procedure Act ("UAPA"). See General Statutes § 4-166 et seq.
 I
The plaintiffs initial argument is that the department is bound by a second decision in this case, which was favorable to the plaintiff. The plaintiff originally applied for medicaid on February 26, 2001. The department denied the application on May 16, 2001 on the ground that the plaintiff failed to supply sufficient information. On July 3, 2001, in response to the plaintiffs request, the plaintiff received a hearing concerning this denial. (Supplemental Return of Record ("Supp. ROR"), Notice of Decision, pp. 1-2.) CT Page 6196
Also on July 3, 2001, the plaintiff submitted a second application for medicaid. The department denied this application on August 4, 2001. The plaintiff requested and received a hearing on this second application. On October 4, 2001, the hearing officer issued the decision from which the plaintiff now appeals. (Return of Record ("ROR"), Vol. I, pp. 1-2.)[1]
On October 16, 2001, twelve days after the issuance of the decision on the second application, a hearing officer found that the plaintiff "did not fail to take the necessary steps to complete the [first] application" and declined to uphold the denial of that application. (Supp. ROR, Notice of Decision, pp. 2-3.) The plaintiff then apparently requested reconsideration of the October 4 decision based on the October 16 decision, but the department did not grant relief. (Plaintiffs Brief, p. 6.)[2]
Contrary to the plaintiffs arguments, the October 16 decision did not bind the department on the merits of plaintiffs medicaid eligibility. In the October 16 decision, the hearing officer stated:
 It should be noted that, based on the testimony of the appellant's conservator at the hearing, it appears that the appellant would not have been eligible for Medicaid at the time of the denial, anyway, because his available assets exceeded $1,600.00. That issue is not decided here since the application was not denied due to excess assets, but the value of the appellant's counted assets will be relevant in a subsequent application filed on behalf of the appellant. The appellant's conservator was advised to reapply for Medicaid during the hearing.
(Supp. ROR, Notice of Decision, p. 3.) Although the department should have made the hearing officer aware of the fact that, as of October 4, the plaintiff had already reapplied for medicaid, received a hearing, and had the application denied on the merits, the fact remains that the October 16 decision did not in any way undercut the October 4 decision. Instead, the October 16 decision only recommended that the plaintiff reapply for medicaid and have his application considered on the merits. That is exactly what happened. Thus, the plaintiff has already received the full benefit of the October 16 decision.
 II
The record of the hearing on the decision now on appeal reveals the following additional facts. The plaintiff is mentally incompetent and has appeared through a conservator. (ROR, Vol. I, p. 31; Vol. II, p. 50.) The CT Page 6197 plaintiff has three motor vehicles registered in his name with the Department of Motor Vehicles: a 1987 Saab 900, a 1992 Buick Regal, and a 1995 Dodge Ram. There was no dispute concerning the plaintiffs ownership of the 1992 Buick. (ROR, Vol. I, p. 2 ¶¶ 2, 3; p. 4.)
The plaintiff argued that his two sons were the actual owners of the other two vehicles and that they had merely registered the vehicles in their father's name for insurance purposes or to avoid creditors. (ROR, Vol. I, p. 4.) It is true that the registered owner of a motor vehicle is not necessarily the actual or legal owner for all purposes. See Hope v.Cavallo, 163 Conn. 576, 581-82, 316 A.2d 407 (1972). The department's regulations accommodate this reality and provide that "[i]f the assistance unit [applicant] is the record owner of an asset, the unit is considered the legal owner unless it establishes otherwise, with clear and convincing evidence." Department of Social Services, Uniform Policy Manual ("UPM") (1987) § 4010.05(A)(1).
The plaintiff attempted to prove that he was not the legal owner of the Saab and the Dodge with evidence of payments made by the sons to the plaintiff and his ex-wife for taxes and insurance, particularly for the Saab, and one payment purportedly for a loan of money concerning the Dodge. The plaintiffs conservator, however, had no first hand knowledge of the arrangements between the sons and the plaintiff, there were no financial records of the original purchases, and the sons did not testify at the hearing. (ROR, Vol. I, pp. 4-5; Vol. II, pp. 49-66.)[3] As the hearing officer observed, it was equally likely, based on the evidence at the hearing, that the plaintiff purchased the vehicles and allowed his sons to use them as long as they reimbursed him for tax and insurance expenses. (ROR, Vol. I, p. 5.) Under these circumstances, the hearing officer reasonably concluded that the plaintiff had not proven lack of ownership by the clear and convincing proof required by the regulation. See Schallenkamp v. DelPonte, 229 Conn. 31, 40, 639 A.2d 1018 (1994) (Under the UAPA, "[j]udicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable."). Accordingly, the hearing officer properly counted all three vehicles as assets of the plaintiff for purposes of determining the plaintiffs medicaid eligibility.
 IV
Finally, the plaintiff claims that the Saab and the Dodge constituted "personal property which is no longer in the physical possession of the assistance unit [and] the person now possessing the asset refuses to return it to the unit," thereby rendering these vehicles "inaccessible" CT Page 6198 assets that would not count toward Medicaid eligibility under department regulations. See UPM (1987) § 4015.05(C)(5). Cf. Marcus' Appealfrom Probate, 199 Conn. 524, 532-33, 509 A.2d 1 (1986) (assets available to a Medicaid applicant include those to which there is a "legally enforceable right.") The plaintiff did not cite this regulation or otherwise raise this claim before the hearing officer and consequently the hearing officer did not address it. Although the sons were apparently uncooperative, the plaintiff did not attempt to prove that the sons refused a request to return the vehicles. On the contrary, the plaintiff represented that he would not have a valid claim against the sons. (ROR, Vol. II, pp. 54-55, 60.) The plaintiffs argument was thus essentially that the sons were the legal owners of the vehicles. Had he proven this point, the outcome of the hearing presumably would have been different. But, without having raised the contrary claim before the hearing officer that the vehicles were inaccessible because the plaintiff owned them and the sons wrongfully refused to return them, he cannot do so now. SeeBurnham v. Administrator, 184 Conn. 317, 323, 439 A.2d 1008 (1981).
 V
The plaintiff having failed to sustain the grounds for his appeal, the appeal is dismissed.
 ___________________ Carl J. Schuman Judge, Superior Court