[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION FOR JUDGMENT
Plaintiff Abdulkakim M. Aljahmi appeals the decision of the defendant Employment Security Board of Review finding the plaintiff liable for a penalty for knowingly making a false statement in applying for unemployment benefits. The board acted pursuant to Conn. Gen. Stats. sec. 31-273 (b)(2). The defendant administrator moves for judgment on the board's decision. The plaintiff appeals pursuant to sec. 31-249b. The court finds in favor of the plaintiff.
The facts essential to the court's decision are reflected in the record of this appeal, including the supplement thereto filed by the defendant board subsequent to oral argument on the appeal, and in the findings of fact of the defendant appeals referee.
The plaintiff was employed from 1999 through 2001 at Colt Manufacturing Company. It appears from the record that the employment was erratic; during some periods, he worked full time; some periods, he worked part time; and some periods, he was not employed. He applied for and was paid unemployment benefits at different times during those years.
On November 7, 1999, the plaintiff applied for benefits for the week ending November 6. The defendant administrator paid the benefit of $338 to the plaintiff for that week.
Subsequently, after an audit investigation, the administrator determined that the plaintiff had worked part time for Colt Manufacturing Company during that week and was not eligible for the benefit amount paid.
On April 19, 2000, the administrator notified the plaintiff that his account had been overpaid $240 as a result of his part time work during the week ending November 6, 1999, and demanded repayment of that amount. The notification also stated that a two week benefit forfeiture had been assessed based on "a finding that you knowingly made a false statement or representation or knowingly failed to disclose a material fact in order to obtain or increase benefits."
The plaintiff paid the $240 and subsequently appealed the two week penalty. The appeals referee affirmed the penalty after a de novo hearing, finding that the plaintiff had knowingly failed to disclose the material fact that he had worked part time during the week in question. The board of review adopted the referee's findings and conclusions and affirmed the decision. This appeal followed. CT Page 8203-cs
Other undisputed facts are material to the resolution of this appeal. The plaintiff is of Arabic descent and, although he speaks and understands the English language, he cannot write it and can read it only imperfectly. In submitting his claim for benefits for the week in question, he utilized the administrator's "interactive voice response system." This system allows individuals to submit weekly claims over the telephone by answering prerecorded questions either by pressing a number on the phone pad (1 for "yes," 2 for "no") or by speaking "yes" or "no." Under this system, the claimant is not conversing with a human, but the claimant may signal for help from a "customer service representative" by pressing 0 or saying "zero."
The plaintiff entered into the following colloquy with the automated system: Question: DID YOU WORK FULL-TIME OR PART-TIME FOR AN EMPLOYER OR IN SELF-EMPLOYMENT OR RETURN TO FULL-TIME WORK DURING THE WEEK ENDING LAST SATURDAY WHICH YOU HAVE NOT ALREADY REPORTED?
Answer: NO.
Question: YOUR ANSWER INDICATES THAT YOU DID NOT WORK EITHER FULL-TIME OR PART-TIME FOR AN EMPLOYER OR IN SELF-EMPLOYMENT AND DID NOT RETURN TO FULL-TIME WORK DURING THE WEEK ENDING LAST SATURDAY. IS THIS CORRECT?
Answer: YES.
As noted, the record clearly shows that the plaintiff did in fact work part-time for Colt Manufacturing Co. during the week in question. Accordingly, his answers to these questions were incorrect.
The plaintiff does not deny that he worked part-time for Colt during that week, and he apparently admitted during the hearing before the referee that he knew he would be ineligible for benefits if he worked part-time. He denies, however, that he "knowingly" failed to disclose his part-time work in order to increase his benefits for that week. He contends that he made an honest mistake and was confused in interpreting this particular question. In essence, he interpreted the question as asking whether he had worked full-time for Colt or part-time "for an employer:" that is, some employer other than Colt.
The defendant board, in its decision, rejected the plaintiff's argument, which he initially made to the board at the time of that appeal. The board noted that "although (he) cannot read English, he is conversant with the English language as a result of his working in this country for years." The board noted that the plaintiff had conceded that he knew that even part-time work would impair his eligibility and held CT Page 8203-ct that he had "shown no basis for (his) interpretation of the question."
The court's review of the board's decision is extremely limited.
 In appeals under General Statutes 31-249b, the Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the board of review. . . . The court is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee . . . Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. Burnham v. Administrator, 184 Conn. 317, 321-322 (1981).
The board's determination that the plaintiff understood the question posed to him by the administrator's recorded interactive voice response system and knowingly provided a false answer in order to increase his benefits is a factual conclusion based on subordinate findings of fact. The court cannot overturn that conclusion, therefore, unless it is unreasonable or arbitrary. Id. In the court's view, the board's conclusion is unreasonable.
The board begins its discussion of this issue by observing, "We acknowledge that the question the claimant answered is a compound question, which may be confusing to someone who is not familiar with the English language." It is reasonable to assume that the board was referring to someone who speaks some English. Otherwise, the question would be not merely "confusing;" it would be incomprehensible. That being so, the fact that the plaintiff is "conversant with the English language as a result of his working in this country for years" does not necessarily mean that the question for him was not confusing. Indeed, it is unlikely that his work experience at Colt or elsewhere prepared him to parse the question posed to him by the telephone robot and infallibly give the correct "yes" or "no" answer.
The board notes that the plaintiff admitted that he knew that part-time work would impair his eligibility. But that general knowledge would not necessarily guide him in answering the specific question, especially if the question is confusing, as the board concedes is possible.
Our law has always required that questions be clear and not confusing CT Page 8203-cu in a courtroom setting. "Questions are objectionable if they are ambiguous . . . vague or uncertain . . . or overly complicated." (Citations omitted.) Tait's Handbook of Connecticut Evidence, sec. 6.21.1, 3rd Ed., 2001. Because incorrect answers to the questions under review here can lead to significant civil penalties, it is just as important that they be as clear as those asked of witnesses on the stand. If they are not, it is unreasonable to punish the claimant who guesses wrong.
There would be no possible ambiguity if the question posed to the plaintiff had been, "Did you work, full-time or part-time, for any employer. . . ." Saying this is not to second-guess the drafter of the original question. The question may serve its purpose in many cases. The court's suggested rewrite is merely to illustrate that there is some basis for the plaintiff's asserted confusion. And if the question as drafted is difficult for an individual claimant to understand, it is unreasonable for the board automatically to infer that the person answered it incorrectly in order to defraud the system and punish him or her accordingly.
Finally, it is appropriate to note that the Unemployment Compensation Act is a remedial statutory scheme designed to provide financial assistance to individuals who are out of work. It is not primarily a penal statute. This does not mean, of course, that the administrator should have to tolerate obvious fraud in order to effectuate its purpose. But plainly, the circumstances of this case do not present a clear picture of fraudulent behavior. And, it should be noted, in this connection, the plaintiff promptly and fully repaid the amount that he received in error.
In summary, the defendants' factual conclusions that the plaintiff knowingly failed to disclose that he had worked part-time during the week in question and did so in order to increase his unemployment benefits were unreasonable under all of the circumstances. It was likewise unreasonable for the defendants to take punitive action against the plaintiff by imposing the penalty over and above the requirement of restitution. For that reason, the defendants' motion for judgment is denied and the plaintiff's appeal is sustained.
 ___________________ Maloney, J.